FILED
I/S

2009 MAR 30  PM 3: 59

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

Attorney pro se

BY_____

Lori A. King
3246 Linda's Circle
Conyers, Georgia, 30013
770-785-7260 Tel
770-785-7258 Fax
lori7@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

LORI A. KING,

    Plaintiff,

              v.

CONCORD LAW SCHOOL of Kaplan
University, a subsidiary of Kaplan Higher
Education Corp, Individually and by its agents
servants,workmen and employees, BARRY A.
CURRIER, Individually and as Dean,
Concord Law School and CASSANDRA
COLCHAGOFF, Individually and as
Associate Dean, Concord Law School AND
KAPLAN UNIVERSITY, INC and the
WASHINGTON POST CORPORATION

CV 09 - 02212 DSF (CTx)

Case No.:

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

### INTRODUCTION:

1.  This case arises out of the refusal of Concord Law School of Kaplan University, ( hereinafter CLS) to provide Lori A. King, a person with a developmental disability – hearing impaired – a reasonable accommodation that would allow her full access to the online educational program in which she is enrolled.

2.  This causes of action of this case arise under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12188 and the California Unruh Civil Code §§ 51 and 52.

3.  Ms. King brings this Complaint against Concord Law School of Kaplan University, which offers an online legal education program at Concord Law School which includes, but is not limited to: real-time interactive online classes (hereinafter

"live class chats"), pre-recorded video lectures in all courses (hereinafter "video lectures", Concord Speaker's Bureau seminars, Concord Student group meetings and various Concord extracurricular activities such as clubs and events that take place throughout the country; and Concord sponsored gated on-line review classes for the FYLSE known as Concord First/Second Time Success and an adjunct live two day review course in California the week-end prior to the FYLSE.   Without auxiliary aids and services such as captions, Plaintiff is unable to receive the full benefit from and participate in Defendants' educational program.  Defendants, Currier and Colghgoff have both been aware of and have refused to make appropriate accommodations as set forth fully below

## JURISDICTIONAL ALLEGATION

4.   This action is brought pursuant to the Americans with Disabilities Act. 42 U.S.C. §§ 12101-12213 (West 2009) and is thus, a federal question in accordance with 28 USC $ 1331.

5.   This action is brought pursuant to The Rehabilitation Act of 1973 § 504.  29 U.S.C. §§ 794 (West 2009).

6.   The Defendants are recipients of federal funds and is therefore subject to Section 504. 29 U.S.C. §§ 794.

7.   This action is brought pursuant to the Unruh Civil Rights Act. Cal. Civil Code Ann. §§ 51-52 (West 2009).

8.   The Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C.A. § 1367 (West 2009).

9.   This Court has jurisdiction to decide Plaintiffs' action for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) (West 2009).  This Court also has jurisdiction over Plaintiffs' action for declaratory relief pursuant to 28 U.S.C. § 2201 (West 2009) and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is

authorized by 28 U.S.C. § 2202 (West 2009) and Rule 65 of the Federal Rules of Civil Procedure.

10. Venue is proper in this Court because Defendant is located in, maintains an office in, and/or enforces the laws relevant to this litigation in the Central District of California. 28 U.S.C. § 1391.

## PARTIES

11.     Plaintiff Lori A. King resides at 3246 Linda's Circle, Conyers, Georgia, 30013. Ms. King was first diagnosed with a profound hearing impairment at age 5.

12.     Ms. King registered for and attended CLS online law school,  a four year program, which enables students to work  toward the attainment of a Juris Doctor degree in accordance with the California rules for  Distance Learning Education; as part of the requirements, the students must take and pass the First Year Law School Examination ( FYLSE) also called the baby bar.

13.     Ms. King is profoundly hard-of hearing such that she is substantially limited in the major life activity of hearing.  Ms. King is essentially deaf to all audio from a computer, television or in a live scenario where the person speaking is not close enough for Ms. King to read his or her lips.

14.     Defendant Concord Law School of Kaplan University  is a a wholly owned  subsidiary of Kaplan Higher Education, Corp. and is a recipient of federal financial assistance.  Its administrative office is located at 10866 Wilshire Boulevard, Suite 1200, Los Angeles, California 90024.

15.     CLS manages and operates an online law school from its location in Los Angeles and collects fees for tuition to attend the  four year program which leads to a Juris Doctorate degree.  This is the only educational program that CLS manages and operates. CLS receives Federal Funding as it is part of Kaplan University. Ms. King took out a Stafford Federal student loan and federal funds were received by Kaplan University for Ms. King's tuition while at CLS.

16.     Defendant, Barry A. Currier, is an agent servant, workman and employee of the Defendant CLS serving as the Dean of the Law School,. He was personally contacted by the Plaintiff about the matters set forth in this complaint and has done nothing in response.  Dean Currier may be reached through the administrative offices of Concord Law School located at 10866 Wilshire Boulevard, Suite 1200, Los Angeles, California 90024.

17.     Defendant, Cassandra A. Colchagoff, is an agent servant, workman and employee of the Defendant CLS serving as the Associate Dean of the Law School,. Associate Dean Colchagoff may be reached through the administrative offices of Concord Law School located at 10866 Wilshire Boulevard, Suite 1200, Los Angeles, California 90024.

18.     Kaplan, Inc., a recipient of federal financial assistance, is an International provider of educational and career services for individuals, schools and businesses. Kaplan University. is a wholly-owned subsidiary of The Washington Post Company. The Plaintiffs Federal Loans were paid to Kaplan University.  Kaplan University corporate headquarters are located at: 6301 Kaplan University Avenue, Fort Lauderdale, Florida 33309.

19.     The Washington Post Company ("WPC") is an education and media company whose principal operations include educational and career services, newspaper and magazine publishing, television broadcasting, cable television systems and electronic information services.  Kaplan, Inc is a wholly owned subsidiary of the Washington Post Corporation.  The Washington Post Corporation is a Delaware Corporation. Its principal place of business is 1150 15th Street, NW, Washington, DC 20071.

FACTUAL ALLEGATIONS:

20.     Ms. King enrolled as a student at CLS in January 2007.  She attends and participates in the program from her home in Conyers, Georgia.

21.     Ms. King is a full-time student and attended the school  program from January 2007 through  December 2008.. Ms. King paid CLS  $ 8,500.00 in tuition costs per year.   She attended two years and paid Defendant CLS a total of $ 17,500.00

22.     Ms. King attended Defendant Kaplan's undergraduate, online program and obtained her Bachelor's of Science  degree in  Legal Studies/Alternate Dispute Resolution  on  10//2006 with a  3.99 grade point average.

23.     Throughout her enrollment in Defendant Kaplan's undergraduate, online program, Ms. King had no need to request reasonable accommodations for her hearing impairment as all components of the curriculum were in a written format. This included: (1) live classes where the Professors would type each and every word spoken and all students would type each and every question and answer; and (2) a message board where the Professor and students would converse in a strictly written format.

 . 23. Ms. King's success in the undergraduate program was due in large part to having full and equal access to the program. Ms. King had a reasonable expectation to believe that this same format would exist at CLS.

24.     There are several components to CLS's legal education program that are relevant to Plaintiff's claims: (1) live classes; (2) pre-recorded video lectures; (3) CLS's speaker's bureau seminars;  (4) extracurricular activities, including but not limited to CLS's student groups, clubs, and CLS's sponsored events; and (5) Concord First/Second Time Success Classes and live review session designed to assist students with passing the First  Year Law School Exam ( FYLSE) ; the costs for the STS  program are extra to the

student .

Live Class Chats

25. At CLS, classes are conducted live online.  Professors speak into a microphone
and the audio is transmitted to students over the Internet. Students cannot see the
professor as there is no video. Students communicate with their professors and
with all other students during the live classes in writing by typing text.

26. When Plaintiff enrolled in January 2007, she realized that she needed
accommodations in order to participate fully in the live class chats and requested
these accommodations from  Associate Dean Cassandra Colchagoff, in writing on
January 03, 2007;  on a disability accommodation request form provided by CLS;
Ms. King specifically requested closed captioning of all video and live classes and
statd that she could not hear the speaker without such accommodations'

27. Rather than provide the requested accommodation Defendant CLS offered to send
Plaintiff her professors' notes for live classes 24 hours prior to the start of class.

28. It was several months after Plaintiff's initial request on  January 03, 2007, until
Defendants began to accommodate her with the captioning she needed to access
the live classes in April 2008.

29. The professors' notes did not provide Plaintiff full access to, nor did they enable
Plaintiff to participate in her live classes as the notes were sent late- often months
after the fact, were incomplete, did not provide the necessary context and
disadvantaged Plaintiff academically by denying her the opportunity to participate
in the Socratic teaching method – the give and take of the classroom discussion –
which her similarly-situated classmates received.

30. Despite their promise to do so,  the Defendant CLS repeatedly refused to provide
Plaintiff  with the transcripts of live classes that occurred prior to April 2008 and

which were not captioned.

31. Live classes are archived in the audio format and are available to all Concord students 24/7 at their convenience. Defendants have repeatedly refused to caption all the live classes that occurred prior to April 2008.

32. As a result of Defendant CLS's refusal to provide Plaintiff with reasonable accommodations for her disability, Plaintiff has not been able to fully understand her course of study and has not received the benefit of nearly 15 months of classes for which she has paid $xxx in tuition costs.

Video Lectures

33. At Concord Law School, Defendants integrate pre-recorded video lectures by prominent legal experts and academics into the educational program.

34. When Plaintiff enrolled in January 2007, she realized that she needed accommodations in order to receive the full benefit of the lectures that these experts and academicians were providing to her classmates and requested these accommodations on January 03, 2007, on a form provided by Concord called a Defendants refuse to provide the requested accommodations -- auxiliary aids and services (describe them) to make these video lectures accessible to Plaintiff.

35. Defendants have ignored Plaintiff's requests for captioning and deliberately delay sending Plaintiff transcripts that are burdensome and do not provide Plaintiff with an equal opportunity to benefit from watching videos 24/7 anytime-anywhere as all other students are able to do.

36. Without effective auxiliary aids and services, Plaintiff is unable to understand or benefit from the video lectures.

37. As a direct result of delaying transcripts, Plaintiff has been put at a severe disadvantage and has been behind all other students in her course progress.

Extracurricular Activities And Events

38. CLS also arranges for various student groups, such as the American Constitutional Society, to conduct their meetings online via Paltalk – an audio feed transmitted over the internet which allows students and a moderator to communicate. Paltalk is only audio communication with users employing microphones. There is no text when the student groups use Paltalk.

39. The Student groups also conduct meetings via telephone conference calls which Plaintiff also is unable to access.

40. When Plaintiff sought to participate in CLS's American Constitutional Society, the president of the student group told her that, "We are not able to accommodate students with a hearing limitation."

41. At Concord Law School, Defendants host a number of social, networking, and educational events such as the "the Baby Bar Bash," "moot court competition" and the graduation ceremony at physical locations throughout the United States.

42. Despite Plaintiff's requests, Defendants refuse to provide auxiliary aids or services to make extracurricular activities and events accessible to Plaintiff.

CONCORD FIRST/ STS/ FYLSE REVIEW CLASS

43. Concord sponsors a course called Concord First and Second Time Success, both of which cost the Plaintiff the additional sum of

44. These are gated courses, with a timeline provided to the students for the suggested study pace; however, a student can advance beyond the ideal module as the classes are available 24/7.

45. Plaintiff requested that these classes be closed captioned so that she too could mover at her own pace; however, the defendants, despite repeated requests, will only supply transcripts up to the Ideal Module leaving the Plaintiff unable to advance at her own pace as all other students can

46. Concord offers a two day live review course in California prior to the FYLSE and did offer to provide live captioning to the Plaintiff for this event; however,

Plaintiff requested remote CART and supplied medical proof as to why she was unable to attend the event live, this request was denied and Plaintiff lost the full benefit of a class available to her classmates.

## COUNT I: AMERICANS WITH DISABILITIES ACT

47. Paragraphs 1 to 25 are re-alleged and reasserted as if fully set forth here.

48. Plaintiff is a profoundly hard of hearing student at Concord Law School and is substantially limited in the major life activities of hearing accordingly, she is an individual with a disability as defined in 42 U.S.C. § 12181(2).

49. Defendants are places of public accommodation, providing educational services, as defined in 42 U.S.C. § 12181(7)(J).

50. Title III of the ADA, 42 U.S.C. § 12182(a) provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

51. Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

52. Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii) provides that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would

fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

53. Defendants have discriminated and continue to discriminate intentionally against Plaintiff in violation of Title III of the ADA, 42 U.S.C. § 12181, et seq., by refusing to provide auxiliary aids and services necessary to ensure that Plaintiff has equal access to and an equal opportunity to participate in and benefit from, equally and fully, Defendants' legal education program.

54. As a result of Defendants' actions, Plaintiff has been injured and suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II: REHABILITATION ACT

55. Paragraphs 1 to 33 are re-alleged and reasserted as if fully set forth here.

56. Plaintiff is a profoundly hard of hearing student at Concord Law School and is substantially limited in the major life activities of hearing; accordingly, she is a qualified individual with a disability.

57. Defendants are recipients of Federal financial assistance.

58. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

59. Defendants have discriminated and continue to discriminate intentionally against Plaintiff by refusing to provide auxiliary aids and services necessary to ensure that Plaintiff has equal access to and an equal opportunity to participate in and benefit from, equally and fully, Defendants' legal education program in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

60. As a result of Defendants' actions, Plaintiff has been injured and suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as well as pecuniary losses.

## COUNT III
( Unruh Civil Rights Act, Cal. Civil Code $$ 51, 52)

61. Paragraphs 1 to 25 are re-alleged and reasserted as if fully set forth here.

62. Cal. Civ. Code Section 51 reads as follows :
    This section shall be known, and may be cited, as the Unruh
      Civil Rights Act.
     (b) All persons within the jurisdiction of this state are free and
      equal, and no matter what their sex, race, color, religion,
      ancestry, national origin, disability, medical condition, marital
status, or sexual orientation are entitled to the full and equal accommodations,
advantages, facilities, privileges, or services in all business establishments of every kind
whatsoever.

63. As set forth above, the defendant, CLS, Currier and Colchagoff have discriminated against the Plaintiff on the basis of her hearing impairment.

64. The defendants have repeatedly refused to provide the Plaintiff with accommodations that provide her with equal access to her education, all to her detriment and loss.

65. This failure has resulted in Plaintiff suffering undue emotional stress and anxiety in the fight to obtain accommodation and equal educational programming afforded to her classmates.

66. Plaintiff has incurred pecuniary costs relative to defendants failure to accommodate and/or as a result of accommodations provided in the form of costs for books, review classes, as well as for paper and ink for her printer to print out all the transcripts that accompany her study.

67. This emotional stress has caused Plaintiff to seek psychological treatment and has

caused undue pressures in her marriage. particularly due to the stress of school

caused by lack of access and has made her unable to seek work as a result.

68. Defendants failure to accommodate the Plaintiff for the first 18 months of school,

combined with her lack of appropriate access to Concord First/STS program and

live review has been to her detriment on the first two required administrations of

the FYLSE and has slowed her progress within the Concord program requiring

her to wait until January 2010 to be able to restart her studies.

69. This wait will have the impact of calling in her student loan.

70. Under California Code section 52:
(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

71 Plaintiff respectfully requests compensation from the defendants for her pecuniary

and non-pecuniary losses as well as attorney's fees and costs in accordance with the

above Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

To cease discrimination against Plaintiff and other individuals who are deaf or hard of

hearing;

To promulgate written policies and procedures to ensure that Defendants provide

auxiliary aids and services for all individuals who are deaf or hard of hearing;

To provide auxiliary aids and services that ensure effective communication with Plaintiff

and other individuals who are deaf and hard of hearing;

To award compensatory damages to Plaintiff for pecuniary and non-pecuniary losses in

no less than the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS

($ 250,000.00)

To award Plaintiff attorneys' fees and costs;

To award Plaintiff any and all other relief as may be necessary and appropriate.

THE PLAINTIFF DEMANDS A JURY TRIAL.


DATE :   _03/27/09_          BY :   _Lori A. King_

                                    Lori a. King, Pro per
                                    3246 Linda's Cicrle
                                    Conyers, GA 30013
                                    770-785-7260
                                    lori7@aol.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| LORI A. KING | Concord Law School of Kaplan University, Individually & by and through its employees, Barry A. Currier, Dean of Students; Cassandra A. Colchagoff, Associate Dean; Kaplan University, Inc. and Washington Post Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| 3246 Linda's Circle, Conyers, GA. 30013<br>770-785-7260 | NONE KNOWN |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)   *No less than*

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $250,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

The Americans with Disabilities Act, 42 U.S.C. 12101-12213 ( west 2009) : denial of equal access to education at school receiving federal funds.

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

(Note: ☑ 446 American with Disabilities - Other is checked)

**CV  09  -  02212  DSF  (CTx)**

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

MAR 30 2009

LORI A. KING
3246 Linda's Circle
Conyers, GA.. 30013
770.785.7260 ( Tel)
770.785.7258 ( Fax)
lori7@aol.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**COVER SHEET ADDENDUM**

**IX  VENUE**

| | |
|---|---|
| Barry A. Currier, Dean Concord Law School | Los Angeles County |
| Cassandra A. Colchagoff, Associate Dean, Concord Law School | Los Angeles County |
| Kaplan University, Inc. | Florida |
| Washington Post Corp. | Washington, D.C, |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
　☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff resides in Georgia |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
　☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Concord Law School of Kaplan University : Los Angeles County<br><br>see attached |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims arise in Los Angeles County | and in Georgia |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____Rori A. King_____   Date ___03/27/09___

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 2212 DSF (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Lori A. King
3246 Linda's Circle
Conyers, GA 30013
770.785.7260 ( Tel)
770.785.7258 ( Fax)
lori7@aol.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LORI A. KING,

PLAINTIFF(S)

v.

Concord Law School
(see attached)

DEFENDANT(S).

CASE NUMBER

CV 09 - 02219 DSF (CTx)

SUMMONS

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: __MAR 30 200__                By: ___L. MURRAY_____
                                            Deputy Clerk
                                            (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.   Allowed 60 days by Rule 12(a)(3)].*

Lori A. King
3246 Linda's Circle
Conyers, Georgia, 30013
770-785-7260 Tel
770-785-7258 Fax
lori7@aol.com                                          Attorney pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. KING, ) | Case No.: |
| ) | |
| Plaintiff, ) | COMPLAINT FOR INJUNCTIVE |
| ) | RELIEF AND DAMAGES |
| v. ) | |
| ) | |
| CONCORD LAW SCHOOL of Kaplan ) | |
| University, a subsidiary of Kaplan Higher ) | |
| Education Corp, Individually and by its agents ) | |
| servants,workmen and employees, BARRY A. ) | |
| CURRIER, Individually and as Dean, ) | |
| Concord Law School and CASSANDRA ) | |
| COLCHAGOFF, Individually and as | |
| Associate Dean, Concord Law School AND | |
| KAPLAN UNIVERSITY, INC and the | |
| WASHINGTON POST CORPORATION | |

INTRODUCTION:

1.  This case arises out of the refusal of Concord Law School of Kaplan University, ( hereinafter CLS) to provide Lori A. King, a person with a developmental disability – hearing impaired – a reasonable accommodation that would allow her full access to the online educational program in which she is enrolled.

2.  This causes of action of this case arise under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12188 and the California Unruh Civil Code §§ 51 and 52.

3.  Ms. King brings this Complaint against Concord Law School of Kaplan University, which offers an online legal education program at Concord Law School which includes, but is not limited to: real-time interactive online classes (hereinafter